Smart *v.* Smart.

<hr>

HARRIET E. SMART *vs.* ALFRED SMART.

*Defence by subsequent plaintiff, under R. S., c. 82, § 39.*

Leave will not be granted under c. 82, § 39, to a plaintiff in a subsequent suit to defend a prior suit, the same property being attached in both, unless both suits are pending.

The statute does not apply to a subsequently attaching creditor, who has obtained a judgment, which has been satisfied.

ON REPORT.

ASSUMPSIT upon two promissory notes, admitted to have been given for a lawful consideration by the defendant to his wife, who is the plaintiff. This action was brought March 21, 1868, entered at the next August term, and allowed to be defaulted at the following October term, and thence continued for judgment till the August term, 1872, when Gideon S. Palmer filed a petition and bond, purporting to be drawn under R. S., c. 82, § 39, praying to be allowed to come in and defend this suit, which prayer was granted. His petition, after setting out his residence and that of these parties, and the coverture of the plaintiff and specifying the date and

cause of the present action, and the attachment of the defendant's property upon the plaintiff's writ, stated "that prior thereto said Alfred Smart was justly indebted to your petitioner in the sum of more than fifty dollars, and your petitioner believes this action was brought and attachment made to hinder and prevent him from recovering from the said Alfred Smart his said indebtedness," because the action had not been defended, but was defaulted and continued for judgment as aforesaid. The petition further showed that the petitioner, subsequent to said attachment, to wit, on the twelfth day of October, 1868, commenced an action against said Alfred Smart to recover the said indebtedness and then caused the same property of the defendant to be attached therein ; that he recovered judgment for $94.89 debt and $12.08 costs; put the execution for those sums, issued November 29, 1869, into the hands of an officer who seized said Smart's equity of redemption of certain mortgaged real estate in Pittston and sold the same to the petitioner for $118, being the amount of the execution and fees, and delivered a deed of it to the purchaser who had it recorded within three months thereafter ; the property mentioned being the only real estate in that county owned by Alfred Smart at the time of its attachment. Being thus allowed to appear, Mr. Palmer pleaded the general issue with a brief statement that the defendant and promisor was the plaintiff's husband, and therefore that this action could not be maintained. At this stage of the case it was agreed to report the proceedings to the full court for their determination as to their propriety.

*L. Clay* for the plaintiff.

*A. C. Stilphen* for Mr. Palmer.

APPLETON, C. J. The writ in this suit is dated March 21, 1868. It was entered at the return day and at the October term, 1868, the defendant submitted to a default and the action was continued for judgment from term to term until the August term, 1872, when Gideon S. Palmer filed a petition for leave to defend this suit as a

subsequent attaching creditor. In his petition he alleges that on the twelfth day of October, 1868, he sued out a writ against this defendant, on which the same property was attached as in this plaintiff's suit; that at the October term, 1869, of this court, he recovered judgment against the defendant for ninety-four dollars and eighty-nine cents debt, and twelve dollars and eight cents costs of suit; that execution was issued thereon bearing date November 29, 1869, which was seasonably placed in the hands of a deputy sheriff by whom the defendant's equity of redemption of certain mortgaged real estate was sold and the execution recovered by him fully satisfied.

The question presented is whether Palmer under the admitted facts can be regarded as a subsequent attaching plaintiff, and as such be permitted to defend this suit under the provisions of R. S., c. 82, § 39.

By § 39, "when property has been attached, a plaintiff, who has caused it to be attached in a subsequent suit, may by himself or attorney petition the court for leave to defend the *prior* suit and set forth the facts as he believes them to be, under oath; and the court may grant or refuse such leave."

The section assumes a prior and a subsequent attachment as subsisting and permits the plaintiff in the subsequent to defend against the prior suit. Palmer, when he claimed to intervene at the August term, 1872, was not a plaintiff, for he had no suit pending. He was not a subsequent attaching creditor, for he had long since ceased to be a creditor. He had levied upon the estate of the debtor, and his execution had been fully satisfied. Whether he would ever be a plaintiff or an attaching creditor was a matter entirely problematical. If he should be, he will not be a plaintiff by virtue of the process under which he now claims to defend against this plaintiff. New process is required that Palmer may become a plaintiff and an attaching creditor, which he was not when he petitioned to defend, and which he can only be by the institution of a new process.

The right to defend against a prior attachment was first confer-

red on a subsequent attaching creditor by act approved March 25, 1831, c. 508, § 2. By this act it was required that both suits must be pending when the subsequent attaching creditor intervenes. This section was incorporated into the revision of 1841, c. 115, § 113, but the petition was to be in "the court in which such suits are pending." In the subsequent revision, in the process of condensation, the language was changed, but without any alteration of the meaning. Both suits must be pending, when the plaintiff in the subsequent suit claims to intervene. There was no subsequent suit pending, there was no existing plaintiff at the August term, 1872.

If the pending suit is fraudulent, or a collusive judgment is fraudulently obtained and a levy is made upon the real estate claimed by Palmer, the law will afford him ample means of defence. But it is conceded that the plaintiff in the suit sought to be defended, has a just and honest claim. There is nothing to show that the "prior attachment was made with intent to delay or defraud creditors, or that there was collusion between the present plaintiff and defendant for that purpose" to render the same void by § 44. It is only for the prevention of fraud and collusion that intervention by strangers to a process is permissible. The agreed facts exclude the possibility of their existence.

The appearance of Palmer to defend, he not being a plaintiff having a subsequent attachment, is to be withdrawn. It will then remain for the parties to the suit to advise as to its disposition, Palmer not being authorized to interpose a defence.

The validity of a judgment recovered by a wife against her husband is not a matter presented for our consideration.

> *The appearance of Palmer to be withdrawn and the case to stand for trial.*

Cutting, Walton, Dickerson and Peters, JJ., concurred.